IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DOLORES BERGER,**<br>    **Plaintiff** | :<br>:<br>: |
| VS. | :   NO. 17_____<br>: |
| **THE HARTFORD**<br>    **Defendant** | :<br>: |

## COMPLAINT

1. Plaintiff, Dolores Berger, is an adult individual residing at 3401 Lehigh Street in Bethlehem, Northampton County, Pennsylvania 18020.

2. Defendant, The Hartford is an insurance company and is the Administrator of the Lehigh University Long Term Disability Plan, which is governed by the Employee Retirement Income Security Act ("ERISA").

3. Defendant was organized under the laws of Connecticut with a mailing address of One Hartford Plaza, Hartford, Connecticut, 06155.

4. Plaintiff was covered by the Long Term Disability Policy due to her employment at Lehigh University in Bethlehem, Northampton County, Pennsylvania.

## JURISDICTION

5. This Honorable Court has jurisdiction over this matter pursuant to its federal question jurisdiction, codified at 28 U.S.C. § 1331, because this case arises under federal law, specifically the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C § 1001, et seq. as Plaintiff is seeking payment of long term disability benefits under a group long term disability insurance plan under Plaintiff's policy with Defendant that was provided by her employer, Lehigh University.

6. At all relevant times, Plaintiff was a covered employee under a policy of insurance administered by Defendant for Long Term Disability under policy number GLT207718 and assigned an Insured ID of 9003748555.

7. Plaintiff applied for, and was approved for, Social Security Disability Benefits as of September 2011.

8. Concurrently, Plaintiff sought Long Term Disability benefits under Defendant's policy and was approved for benefits under cover of letter dated October 14, 2011.

9. Over a number of years, Defendant continued to request and receive medical evidence supporting Plaintiff's ongoing disability.

10. Because the medical evidence attested to Plaintiff's disability and inability to work, Plaintiff continued to receive benefits until benefits ceased on September 27, 2016.

11. As of September 27, 2016, in order to be entitled to disability benefits, Plaintiff would need to be found unable to perform any occupation as defined in the policy and have the ability to earn a percentage of her pre-disability income as defined in the plan.

12. On May 19, 2016, Defendant prospectively determined that Plaintiff would not be entitled to disability benefits under the "any occupation" definition of disability and notified her that benefits would stop as of September 26, 2016.

13. In accord with the requirements, Plaintiff filed an internal appeal asking Defendant to reconsider its denial of benefits and provided updated medical records including a functional capacity exam and attending physician statements concerning their opinions on her functionality on Defendant's forms.

14. Plaintiff suffers from lumbar disc degeneration, lumbar spinal stenosis, low back pain, lumbar radiculopathy, herniated discs, dizziness, and irritable bowel syndrome.

15. As a result of her problems, Plaintiff is prescribed Hydrocodone (4x daily), Lidoderm Patches, Flexeril (3x daily), and ibuprofen which inhibit her activities of daily living.

16. As a result of her medical conditions, her treating orthopedic surgeon and pain management physicians opined that Claimant has restrictions that would preclude her from working full time and/or sedentary positions, which opinions were also supported by a functional capacity exam.

17. Despite Plaintiff's physician's opinions, Defendant denied Plaintiff's internal appeal in a letter dated November 4, 2016.

18. In its November denial letter, Defendant reiterated its contention from May 2016 that Plaintiff would be able to perform jobs such as a brimer, masker, clock dipper, and button reclaimer, evidencing that Defendant did not take Plaintiff's physician's opinions into account when reaching its decision.

19. The nature of the jobs also indicated that Defendant was grasping at straws to find job titles that while may incidentally exist, do not exist in substantial numbers in the economy, nor would such jobs pay as well as Defendant opined.

20. As required by Defendant's policy, Plaintiff filed another internal appeal.

21. By letter dated May 22, 2017, Defendant notified Plaintiff that it denied her appeal based on the restrictions placed upon her by a physician who never examined Plaintiff and was hired by Defendant to give an assessment of her ability to work.

22. Pursuant to the insurance policy, if Defendant had not denied her benefits, disability payments would have ceased on or about December 10, 2020, regardless of her ongoing disability.

23. By prospectively determining that Plaintiff was not entitled to ongoing disability benefits, Defendant considered its own financial bottom line instead of determining Plaintiff's actual eligibility, which was both arbitrary and capricious.

24. The evidence in Plaintiff's file, specifically the reports and medical records of Plaintiff's treating physicians supports Plaintiff's entitlement to ongoing disability benefits.

25. Plaintiff is therefore seeking past disability benefits under the Long Term Disability policy with Defendant from September 27, 2016, ongoing together with interest of unpaid benefits and reasonable attorney's fees.

WHEREFORE, Plaintiff demands that judgment be entered in her favor and against Defendant requiring Defendant to reinstate Plaintiff's Disability Benefits from the date of the denial, together with interest and reasonable attorney's fees.

> Respectfully submitted,
> ORLOSKI LAW FIRM
>
> _____
> Kevin L. Orloski, Esq.
> Attorney for Plaintiff
> Attorney ID No. 90861
> 111 N. Cedar Crest Blvd.
> Allentown, PA 18104
> 610-433-2363